UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAM MILLIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-03336-JRS-TAB |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

Petitioner Sam Milligan is an Indiana prisoner who filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions for murder and attempted murder. In the end, the Court concludes that his petition is time-barred and that a certificate of appealability should not issue.

**I.**
**Background**

The background necessary to resolve Mr. Milligan's § 2254 motion is relatively brief given that the Court ultimately concludes that his claims are time-barred. The following is the background relevant to this Order as summarized by the Indiana Court of Appeals when denying Mr. Milligan's successive petitioner for post-conviction relief:

> On September 20, 1985, Milligan was involved in a domestic dispute that resulted in a double homicide and an attempted murder of a third person. On September 25, 1985, the State charged Milligan with the murders of Margaret Milligan and Nkosana Ncube and the attempted murder of Thandeka Ncube.
>
> . . . .
>
> [After Mr. Mulligan's guilty plea,] [o]n August 5, 1986, the court sentenced Milligan to sixty years for each count of murder and fifty years for attempted murder and ordered that the sentences be served consecutive to each other.

On January 26, 1996, Milligan filed a pro se petition for post-conviction relief. On June 12, 1996, the post-conviction court denied the petition.

On April 25, 2000, this court granted Milligan permission to file a successive petition for post-conviction relief. In May 2000, Milligan, pro se, filed a form successive post-conviction relief petition.

On May 30, 2000, the State filed an answer to Milligan's petition. On February 11, 2015, the State filed a Motion to Require Petitioner to Submit Case by Affidavit pursuant to Post–Conviction Rule 1(9)(b),11 and the court granted the motion and gave Milligan until June 15, 2015 to submit his case by affidavit. On June 15, 2015, Milligan filed his affidavit in support of his verified petition for post-conviction relief. . . . . On January 7, 2016, the court denied Milligan's petition.

*Milligan v. State*, 64 N.E.3d 1269, 2016 WL 5955907, *1, *4 (Ind. Ct. App. 2016).

After the Indiana Court of Appeals affirmed the denial of Mr. Mulligan's successive petition for post-conviction relief, he petitioned the Indiana Supreme Court for transfer. The Indiana Supreme Court denied transfer on January 19, 2017. Mr. Mulligan filed this action on September 20, 2017.

## II.
### Discussion

Mr. Milligan raises several constitutional challenges to his conviction in his § 2254 petition. The respondent argues that Mr. Milligan's petition is time-barred. Mr. Milligan contends, among other things, that he is entitled to equitable tolling and thus his petition should not be dismissed as time-barred. The Court ordered supplemental briefing on the question of equitable tolling, and the petition is now ripe for decision. In the end, the Court concludes that Mr. Mulligan has not carried his burden to establish that he is entitled to equitable tolling, and his petition must be dismissed as time-barred.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996, revised several of the statutes governing federal

habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000).  One such revision was the creation of the one-year statute of limitations period, which typically begins to run after one of four triggering dates.  *See* 28 U.S.C. § 2244(d).  Mr. Mulligan, however, was convicted prior to AEDPA, and thus his one-year period began running on the day AEDPA became effective, April 24, 1996.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 422 (2005).  On that date, Mr. Mulligan had pending his first petition for post-conviction relief in state court, which stops the one-year clock. *See Day v. McDonough*, 547 U.S. 198, 201 (2006) ("The one-year clock is stopped . . . during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" (quoting 28 U.S.C. § 2244(d)(2))).

Mr. Mulligan's first petition for post-conviction relief was denied on June 12, 1996, and he did not appeal this decision to the Indiana Court of Appeals.  Dkt. No. 7-1 at 3; *Milligan*, 2016 WL 5955907, at *4.  His one-year limitations period began to run thirty-days later, on July 12, 1996, when the time to appeal elapsed.[1]  Mr. Milligan took no further action for over three years, when he filed a successive petition for post-conviction relief on October 27, 1999.  Dkt. 7-1 at 3. That petition was dismissed as successive on December 16, 1999.  Dkt. 7-1 at 3.  On March 7, 2000, Mr. Mulligan asked the Indiana Court of Appeals to authorize a successive post-conviction proceeding, which the Indiana Court of Appeals granted on April 25, 2000.  Dkt. 7-4. The state post-conviction court denied his successive petition over fifteen years later in January 2016.  The Indiana Court of Appeals affirmed this denial on October 13, 2016.  Dkt. 7-9. The Indiana Supreme Court denied transfer on January 19, 2017, and Mr. Mulligan filed the instant habeas petition in this Court on September 19, 2017.

---

[1] The Seventh Circuit has not decided whether the limitations period runs during this period.  *See Johnson v. McCaughtry*, 265 F.3d 559, 563 (7th Cir. 2001).  The Court will not include this period because whether it is included is ultimately irrelevant.

The respondent argues that by the time Mr. Mulligan had properly filed his successive petition, the one-year statute of limitations had long ago elapsed, as nothing paused the limitations period for over three years from July 12, 1996 (when the time to appeal the denial of his first post-conviction petition elapsed) through March 7, 2000 (when he requested authorization to file a successive post-conviction petition, which was subsequently granted). Mr. Mulligan resists this conclusion, arguing that he is entitled to "reset" the statute of limitations under § 2244(d)(1)(B) or (D) or that he is entitled to equitable tolling. Specifically, he argues that he "was denied adequate notice" of the denial of his first post-conviction petition because it was sent to the Indiana State Public Defenders Office instead of to him. Dkt. No. 13 at 6. He argues: "Because the notice of judgment was never sent to Mulligan and the Indiana Court of Appeals acknowledged this by granting his properly filed successive petition for post-conviction, giving him a second chance in his attempt to exhaust his remedies, Milligan should be granted either a reset of his one year statute of limitations when the successive petition was granted, or equitable tolling on the time between the failure of notice on the judgment and the refilling [sic] of the successive petition for P-CR." *Id.* at 7.

First, Mr. Mulligan is not entitled to a "reset" of the statute of limitations under § 2244(d)(1)(B) or § 2244(d)(1)(D). Section 2244(d)(1)(B) provides that the one-year limitations period runs "from the latest of . . . (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The Seventh Circuit has not "defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), [but] the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007) (citation

and quotation marks omitted).  The State did not prevent Mr. Mulligan from filing a habeas petition, and thus § 2244(d)(1)(B) is not implicated.

Section 2244(d)(1)(D) provides that the one-year limitations period runs "from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  What Mr. Mulligan discovered was not the "factual predicate" for any of his claims, but that his initial post-conviction petition had been denied.  Indeed, Mr. Mulligan appears to clarify in his reply that his successive post-conviction application was not based on any "newly discovered evidence."  Dkt. No. 13 at 3.  Thus § 2244(d)(1)(D) is also inapplicable.

Second, although Mr. Mulligan is correct that the statute of limitations is subject to equitable tolling, he has not carried his burden to present facts showing that he is entitled to equitable tolling.  "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).  The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.*  It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

Courts have recognized that the failure to receive notice of a state court's decision can constitute an extraordinary circumstance. *See, e.g.*, *Fue v. Biter*, 842 F.3d 650 (9th Cir. 2016) (en banc) (collecting cases and holding that the petitioner's "lack of knowledge of the denial [of his state-court claims], if proven, would entitle him to equitable tolling" and that his fourteen-month

delay in inquiring about his case showed "reasonable diligence" under the circumstances").

Accepting Mr. Mulligan's assertion that he did not receive notice of the denial of his first post-conviction petition, he has met this element of equitable tolling.

But Mr. Mulligan has not shown diligence. The diligence element requires "reasonable diligence . . . not maximum feasible diligence." *Holland*, 560 U.S. at 653. However, "mere conclusory allegations of diligence are insufficient and reasonable effort throughout the limitations period is required." *Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018). In other words, to meet the second element, Petitioner must show that "he was reasonably diligent in pursuing his rights throughout the limitations period and until he finally filed his untimely habeas petition." *Carpenter*, 840 F.3d at 870.

Mr. Mulligan would thus have to establish that he was diligently pursuing his rights during all time periods when his limitations clock was not paused due to a properly filed state post-conviction proceeding. *See Day*, 547 U.S. at 201. This includes at least two time periods: (1) from June 12, 1996 (when his first post-conviction petition was denied) through March 7, 2000 (when he requested authorization to file a successive post-conviction petition, which was subsequently granted); and (2) from January 19, 2017 (when the Indiana Supreme Court denied transfer of the denial of his successive state post-conviction petition) through September 19, 2017 (when Mr. Mulligan filed the instant habeas petition in this Court).

The Court ordered supplemental briefing on the question of diligence, and in their supplemental briefs, the parties dispute whether Mr. Mulligan was diligent during the first period. The only specific facts offered by Mr. Mulligan are that he called the post-conviction court sometime in 1997 and did not receive a response, and that he called again sometime in 1999 and was informed that his post-conviction petition was denied in 1996. Dkt. 18 at 3. This arguably

contradicts the representation Mr. Mulligan made to the Indiana Court of Appeals that he was unaware his first post-conviction petition was denied until his second post-conviction petition was summarily denied as successive on December 16, 1999.[2]  *See* dkt. 7-2 at 2.

The Court need not resolve this discrepancy or whether two calls over a three-year period amounts to reasonable diligence because Mr. Mulligan made no effort to establish reasonable diligence during the second time period.  Approximately eight months elapsed between when the Indiana Supreme Court denied transfer on January 19, 2017, and when Mr. Mulligan filed the instant habeas petition in this Court on September 19, 2017.  Mr. Mulligan does not offer any explanation for this significant delay, let alone facts establishing that he exercised reasonable diligence.  Mr. Mulligan has therefore failed to establish that "he was reasonably diligent in pursuing his rights throughout the limitations period *and until he finally filed his untimely habeas petition*."  *Carpenter*, 840 F.3d at 870 (emphasis added).

Absent the requisite showing of diligence, Mr. Mulligan is not entitled to equitable tolling.  His habeas petition must therefore be dismissed as untimely.  Final judgment consistent with this Order shall issue.

---

[2] Respondent argues that Mr. Mulligan acknowledged in his reply brief that he received notice that his first post-conviction proceeding was denied in October 1997.  Dkt. 17 at 3-4.  But Mr. Mulligan's reference to October 1997 appears to be a mistake, as the context surrounding that statement suggests that Mr. Mulligan was arguing that he became aware of the denial at the time he filed his second post-conviction petition, which was on October 27, 1999.  *See* Dkt. 13 at 6.  Notably, if the Court accepts this date as when Mr. Mulligan became aware of the post-conviction court's denial of his first petition, the statute of limitations elapsed even if Mr. Mulligan was entitled to equitable tolling for the first period.  This is because Mr. Mulligan did not have a properly filed state post-conviction proceeding to stop the clock until March 7, 2000, which is over four months after October 27, 1999.  When this period is added to the exactly eighth-month period between January 19, 2017, and September 19, 2017, over a year of non-tolled time elapsed.

## III.
## Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds (such as limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Reasonable jurists could not disagree that Mr. Mulligan's habeas petition is barred by the statute of limitations. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**


Date: 9/30/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SAM MILLIGAN
863906
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Chandra Hein
INDIANA ATTORNEY GENERAL
chandra.hein@atg.in.gov